# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| RONALD BOUCHARD, | ) |
|             Plaintiff, | ) |
| v. | ) Docket No. 1:14-cv-236-NT |
| GENERAL ELECTRIC CO., | ) |
|             Defendant. | ) |

**LOCAL RULE 56(H) PRE-FILING CONFERENCE REPORT AND ORDER**

A telephonic conference was held on Friday, April 24, 2015, at 11:30 a.m.

Presiding:        Nancy Torresen, United States Chief District Judge

For Plaintiff:    Julie D. Farr
                  Charles E. Gilbert, III

For Defendant:    Kristin G. McGurn
                  Bernard J. Kubetz

In accordance with the procedural order issued on April 8, 2015 (ECF No. 27), I held a Local Rule 56(h) conference with counsel during which the following items were discussed:

1. **Basis for Proposed Summary Judgment Motion**: The Plaintiff claims that Defendant discriminated against him on the basis of his disability and failed to accommodate him in violation of the Americans with Disabilities Act (the "**ADA**") and the Maine Human Rights Act (the "**MHRA**"). The Defendant claims that discovery has produced no genuine issue of material fact on these claims, and that the Defendant is therefore entitled to judgment as a matter of law pursuant to Federal Rule of Civil Procedure 56. I observed that the parties pre-filing conference memoranda indicate that there is no dispute that Bouchard was "disabled" within the meaning of the ADA and MHRA, or that he suffered an adverse employment action.

2. **Estimated Memorandum Length**: The Defendant's counsel anticipates that their memorandum of law supporting their motion for summary judgment will be approximately 20 pages.

3. **Estimated Factual Statement Length**: The Defendant's counsel anticipates filing a statement of 75-100 facts.

4. **Cooperation of Counsel on Factual Statement**: The parties agreed to work collaboratively on the factual statement. I explained my preference for adherence to the following guidelines:

    - All admissions, denials, qualifications, and requests to strike should appear under the text of the proposed fact to which they refer.

    - A request to strike should be preceded by an admission, denial, or qualification, in case the request to strike is denied.

    - All responses to requests to strike should appear under the text of the request to strike to which they refer.

    - The parties' various statements of material facts should utilize a single, continuous sequence of paragraph numbers.

Citations to the record in the factual statement should include a reference to the appropriate ECF document number and page number.

5. **Estimated Record**: The Defendant's counsel anticipates filing approximately 100 pages of record materials in support of their statement of material facts.

I **ORDERED** that the Defendant's motion for summary judgment will be filed by May 18, 2015. The Plaintiff's opposition shall be filed by June 15, 2015. The Defendant's reply shall be filed by June 29, 2015.[1]

SO ORDERED.

/s/ Nancy Torresen
United States Chief District Judge

Dated this 27th day of April, 2015.

---

[1] If necessary, the Plaintiff may file a response to any requests to strike from the Defendant by July 10, 2015.